PEOPLE, PLAINTIFF AND APPELLEE, v. MENDOZA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Murder.

No. 2321.—Decided December 19, 1924.

VOLUNTARY MANSLAUGHTER—EVIDENCE.—*Held:* That the circumstantial evidence
furnished by two witnesses, who testified that Mendoza was in the store of
Higinio Bermúdez at dusk when Pedro Zambrana came in and invited him
to go with him to Playa Pastillo of Juana Díaz, whereupon they started on
horseback for that place where Pedro Zambrana was found dead a few hours
later, and the corroborative evidence consisting of statements made by the
defendant (among others mentioned in the opinion) to the effect that he
and Zambrana had a hand-to-hand fight at the place called Pastillo, in which
they fell to the ground, and that in it he fired two shots at Zambrana, are
sufficient to justify a verdict of voluntary manslaughter.

The facts are stated in the opinion.

*Messrs. F. Parra* and *L. Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged with the crime of murder
and the only question raised in this appeal from the ruling
refusing to grant a new trial and from the judgment ren-
dered on the verdict of the jury finding the appellant guilty
of voluntary homicide is that there was no evidence that the
appellant could have had any fight with the deceased Pe-
dro Zambrana except in the manner explained by the ac-
cused, and that on such evidence the jury could not find a
verdict of guilty of voluntary homicide. In other words,
the contention is that the *corpus delicti* was not proved be-
cause there was no direct or circumstantial evidence, but
only the appellant's uncorroborated confession. Conse-
quently it is necessary to review the evidence.

It shows that Pedro Zambrana died as a result of the
bullet wounds inflicted upon him. This is established by
the direct testimony of the doctor who made a *post mortem*
examination and of Rafael Vargas who saw his dead body;
therefore, it is only necessary to determine whether the ap-
pellant inflicted the wounds which caused Zambrana's death.

Although there is no direct evidence connecting the accused with the death of Pedro Zambrana, yet there is circumstantial evidence and evidence in corroboration of the statements made by the accused sufficient to lead to the conclusion that Mendoza killed Zambrana, for two witnesses testified that Mendoza was in the store of Higinio Bermúdez at dusk when Pedro Zambrana came along and invited him to go with him to Playa Pastillo of Juana Díaz, whereupon they together started on horseback for that place where Pedro Zambrana was found dead a few hours later. And the confession made by the accused that he and Zambrana had a hand-to-hand encounter at the place called Pastillo, in which they fell to the ground; that in it he fired two shots at Zambrana; that a few moments thereafter he went to the house of Juan Vargas to whom he showed a discharged revolver that he had taken from Zambrana, and that he asked Rafael Vargas for a horse, saying that Zambrana's and his were at large on the property of which Vargas was overseer, is corroborated by the facts that the place where the body was found showed signs of a struggle, as the ground was wet on account of the rain of that afternoon; that Zambrana had two bullet wounds; that the accused handed a revolver to the police, saying that it was Zambrana's; that the shell of the revolver was found at the same place where Zambrana's dead body was found, and that the horses of Zambrana and Mendoza were found loose on the property of which Vargas was overseer and were taken away by their respective brothers on the following day.

In view of this circumstantial and corroborative evidence we can not hold that the defendant was connected with Zambrana's death only by his own confession; therefore, the order refusing to grant a new trial and the judgment appealed from are

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.